```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ARUNA ADVANI,                                                    :
                                                                 :
                                                                 :
                        Plaintiff,                               :
                                                                 :      25-CV-1627 (JMF)
            -v-                                                  :
                                                                 :      MEMORANDUM OPINION
APPELLATE TERM, 2ND JUDICIAL DEPARTMENT                          :      AND ORDER
et al.,                                                          :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In 2022, Windsor Terrace at Jamaica Estates Owners Inc. ("Windsor Terrace"), which owns an apartment building in Queens, New York, commenced a holdover proceeding in the Housing Part of Queens County Civil Court ("Housing Part") seeking possession of the apartment in which Plaintiff Aruna Advani was residing. *See* ECF No. 23-1, at 1. On July 31, 2023, the Housing Part awarded Windsor Terrace possession of the apartment and ordered Advani's eviction. *Id.* at 6. Advani appealed the judgment to the Appellate Term of the Supreme Court of the State of New York ("Appellate Term"), which denied three requests to stay her eviction, denied her appeal of the Housing Part's order, denied her requests to vacate the denial of her appeal, and denied her motion for leave to reargue her appeal. *See* ECF No. 1 ("Pet."), at 25-41.[1] Thereafter, proceeding without counsel, Advani filed a pleading in this Court, initially styled as an "Article 78 Proceeding Verified Petition," *id.* at 2, which (as amended) seeks "judicial review of the unlawful actions" of the Appellate Term and others "in

---

[1] References to page numbers in Advani's Petition, Opposition, and Sur-Reply are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

connection with the eviction proceedings initiated against her by Windsor Terrace," ECF No. 19 ("Am. Pet.") ¶ 1, and seeks to "[a]nnul and vacate the decisions and orders issued by" the Appellate Term, *id.* ¶ 154.  Advani names the Appellate Term, the New York State Attorney General, and the Governor of New York as Defendants.[2]  Two Defendants, the Appellate Term and the New York State Attorney General, now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Advani's lawsuit.  *See* ECF No. 22.

Upon review of the parties' submissions, the Court concludes that Advani's lawsuit must be dismissed for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases."  *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021); *accord Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).[3]  Specifically, the *Rooker-Feldman* doctrine deprives federal district courts of subject-matter jurisdiction when four requirements are met: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites [district court] review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced."  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014)

---

[2]  In addition, the Court liberally construes Advani's Amended Petition to also bring a claim against Windsor Terrace.  *See, e.g.*, Am. Pet. ¶¶ 119-122.

[3]  Defendants argue that the Court also lacks subject-matter jurisdiction because Advani invokes only state statutes, which "cannot create federal jurisdiction."  ECF No. 24 ("Defs.' Mem."), at 6-7.  True enough.  But because Advani is proceeding without counsel, the Court must construe her pleadings "liberally to raise the strongest arguments" they suggest.  *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014).  In light of that, and Advani's own characterization of this case as a "federal civil rights lawsuit under 42 U.S.C. § 1983," ECF No. 27 ("Pl.'s Opp'n"), at 3, the Court will construe her to be raising constitutional claims pursuant to Section 1983.

(cleaned up) (quoting *Hoblock*, 422 F.3d at 85); *accord Worley v. Simon Meyrowitz & Meyrowitz, P.C.*, No. 21-CV-8385 (JMF), 2022 WL 14760633, at *3 (S.D.N.Y. Oct. 25, 2022).

Here, Advani does not (and cannot) dispute that three of the four requirements — the first, second, and fourth — are met. Advani repeatedly lost in state court, *see* Pet. 25-41; she explicitly complains of injuries caused by the Appellate Term's rulings, *see, e.g.*, Am. Pet. ¶ 97 (claiming "significant harm" "[a]s a result of the invalidity of [the Appellate Term's] orders"); ECF No. 27 ("Pl.'s Opp'n"), at 20 (asserting discrimination via "the enforcement of an unsigned eviction order and the denial of [her] motions to stay eviction"); and the Appellate Term's judgments were rendered before Advani filed her lawsuit here, *see* Pet. 1, 25-41. The only question, therefore, is whether the third requirement — that the plaintiff invites district court review and rejection of that judgment — is met as well.

It is. Despite Advani's insistence that she "does not seek appellate review of the Appellate Term's decision," *see* Pl.'s Opp'n 10, Advani's Amended Petition repeatedly and explicitly invites review and rejection of the Appellate Term's judgments, *see, e.g.*, Am. Pet. ¶ 1 ("This is a proceeding . . . seeking judicial review of the unlawful actions of the Appellate Term . . . ."); *id.* ¶ 2 ("The Plaintiff seeks to annul the decisions of the Appellate Term and its orders related to the eviction process[.]"); *id.* ¶ 2 ("Plaintiff asserts that the decisions and orders denying stays of eviction were issued in contravention of law, violated Plaintiff's right to due process, and were based on unjust and retaliatory motives . . . ."); *id.* ¶ 16 ("[I]t is imperative that the court acknowledges the nullity of all Decisions signed by the Clerk [of the Appellate Term] and vacates it [sic] on this ground alone"); *id.* ¶ 17 ("This procedural defect is sufficient grounds for vacating the decisions [of the Appellate Term]."). In the face of these invitations, Advani's sporadic and conclusory assertions in her filings opposing the motion to dismiss that she "does

not seek federal appellate review of a state court judgment" fall flat. *See, e.g.*, Pl.'s Opp'n 8. What is more, even in those filings, she continues to ask for review and rejection of the Appellate Term's decisions. *See id.* at 7 ("[F]ederal courts are not barred *from reviewing* unconstitutional acts by state courts." (emphasis added)); *see also* ECF No. 29 ("Pl.'s Sur-Reply"), at 4 (requesting that the Court "'annul and vacate' certain orders" as "part of the relief necessary to remedy ongoing violations").

The fact that Advani brings claims against Defendants other than the Appellate Term does not affect the Court's conclusion. At bottom, all of her claims against all Defendants are premised on the invalidity of the Appellate Term's judgments and, thus, seek review of those judgments "*in substance*." *Hoblock*, 422 F.3d at 84 (emphasis added). For example, Advani argues that "Defendants . . . intentionally initiated legal proceedings without legal justification and with a malicious intent to harass, coerce, and injure" her, Am. Pet. ¶ 120, and that the "orders denying stays of eviction" were unlawful and "orchestrated by the Board of Directors of Windsor Terrace in scheming with the Appellate Term," *id.* ¶ 2. To evaluate such claims, the Court must evaluate the Appellate Term's judgments, rendering the claims "inextricably intertwined" with those judgments and thus equally barred by *Rooker-Feldman*. *Hoblock*, 422 F.3d at 86; *see also Burris v. Hous. & Servs. Inc.*, No. 17-CV-9289 (JGK), 2019 WL 1244494, at *4 (S.D.N.Y. Mar. 18, 2019) (noting that the *Rooker-Feldman* doctrine bars claims when "a review of the complaint would necessitate an inquiry into the propriety of the eviction warrant issued by the housing court, and the affirmance of that decision by the Appellate Term and the denial of leave to appeal to the Appellate Division") (quoting *Babalola v. B.Y. Equities, Inc.*, 63 F. App'x 534, 536 (2d Cir. 2003) (summary order)).

4

Advani's arguments to the contrary lack merit. Although Advani asserts that the *Rooker-Feldman* doctrine does not apply because she brings "independent" claims, Pl.'s Opp'n 8; *see Hoblock*, 422 F.3d at 86, there is no basis to that assertion. Advani states in passing that her claims arise from "extrinsic actions and omissions by judicial officers and state actors," Pl.'s Opp'n 9, and "unconstitutional processes and policies," *id.* at 10, but she fails to identify any particular extrinsic actions, omissions, processes, or policies. *Cf. Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (finding that the *Rooker-Feldman* doctrine did not apply where the plaintiff did "not challenge the adverse [state court] decisions themselves" but instead "targeted as unconstitutional the Texas statute [the state court had] authoritatively construed"); *Kachalsky v. Cacace*, 817 F. Supp. 2d 235, 256 (S.D.N.Y. 2011) (finding that the *Rooker-Feldman* doctrine did not apply where the plaintiff did not challenge the state court's decision but rather targeted the constitutionality of a New York Penal Law provision). Thus, the purported "independent federal constitutional violations," Pl.'s Opp'n 8, are not so independent; they are merely alternative characterizations of the Appellate Term's judgments as unconstitutional, *see id.* at 6 (contending that Advani's First Amendment rights were violated by the enforcement of her eviction order and that her Fourteenth Amendment rights were violated by the Appellate Term's "unsigned decisions" and "fail[ure] to address key constitutional issues"). The *Rooker-Feldman* bar cannot be overcome by the mere characterization of the state court's judgment as unconstitutional. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that district courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings *even if those challenges allege that the state court's actions were unconstitutional*." (emphasis added)).

In short, all four *Rooker-Feldman* requirements are plainly met and this Court lacks subject-matter jurisdiction over Advani's claims against all Defendants.  Accordingly, Defendants' motion to dismiss must be and is granted on that basis.  The Court does not (and, indeed, may not) reach any of Defendants' arguments as to the merits.  Further, the Court declines to grant Advani leave to amend.  Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant plaintiffs proceeding without counsel leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, the defects in Advani's claims are substantive, so amendment would be futile.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Additionally, the Court already granted Advani leave to amend and explicitly cautioned her that she "w[ould] not be given any further opportunity to amend" to address issues raised by Defendants' motion.  ECF No. 16; *see, e.g.*, *Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend . . . .").  Finally, Advani has not suggested that she possesses any additional facts that could cure the defects in her claims.  *See, e.g.*, *Maione v. Med. Answering Servs., LLC*, No. 17-CV-8106 (JMF), 2018 WL 4682018, at *4 (S.D.N.Y. Sept. 28, 2018).

One additional matter warrants brief mention.  Advani's filings contain several troubling features: They include at least four citations to nonexistent judicial opinions, Pl.'s Opp'n 12, 28;

6

Pl.'s Sur-Reply 4;[4] at least three quotations that do not appear in the cases cited, Pl.'s Opp'n 9, 12, 28; and citations to cases that plainly do not support the proposition for which they are cited, *see, e.g.*, Pl.'s Opp'n 14, 16-18, 23, 28. The Court surmises that these problems are due to Advani's use of generative artificial intelligence tools. *See, e.g.*, *Romero v. Goldman Sachs Bank USA*, No. 25-CV-2857 (GHW), 2025 WL 1916119, at *1-2 (S.D.N.Y. June 25, 2025) (cautioning that "citations, quotations, and holdings that have been generated by generative artificial intelligence may be hallucinations"). Regardless, the "presentation of false citations, quotations, and holdings by a party . . . to the Court is sanctionable conduct." *Id.* at *2; *see, e.g.*, *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (per curiam) (observing that the "attempt to persuade a court or oppose an adversary" by relying on "non-existent precedent generated by ChatGPT" is an "abuse of the adversary system"). Were Advani a lawyer, the Court would consider imposing sanctions on her. But in view of the fact that she is not a lawyer and of the dismissal of this case, the Court declines to pursue the matter further and merely warns Advani that presentation of false citations, quotations, and holdings in the future may indeed result in the imposition of sanctions. *See, e.g.*, *Zeng v. Chell*, No. 19-CV-3218 (JGK), 2024 WL 3360570, at *6 (S.D.N.Y. July 9, 2024) ("Were it not for the plaintiff's pro se status and the proper judgment dismissing this case, a further inquiry" into the plaintiff's potential use of artificial intelligence "would be appropriate."); *see also Reilly v. Conn. Interlocal Risk Mgmt. Agency*, No. 25-CV-640 (VDO), 2025 WL 1726366, at *2-3 (D. Conn. June 20, 2025) ("Whether the issues with [the *pro se* plaintiff's] filings are the result of artificial intelligence or some other mistake, the Court

---

[4]   The citations to nonexistent judicial opinions are as follows: "*Doe v. Jindal*, No. 11-388, 2011 WL 3664490, at *3 (E.D. La. Aug. 19, 2011)," Pl.'s Opp'n 12; "Matter of Medical Transport v NY State Dept of Health 294 A.D.2d 574 (2d Dept 2002)," Pl.'s Opp'n 28; "*Parker v. Blauvelt Volunteer Fire Co.*, 93 F.3d 65, 69 (2d Cir. 1996)," Pl.'s Sur-Reply 4; and "*Guggenheimer v. Ginzburg*, 43 F.3d 807, 812 (3d Cir. 1994)," Pl.'s Sur-Reply 4.

cautions [the plaintiff] to ensure that future submissions to any court contain only accurate representations.").

The Clerk of Court is directed to terminate ECF No. 22, to enter judgment in favor of Defendants, to close this case, and to mail a copy of this Memorandum Opinion and Order to Advani. Further, the Court certifies, pursuant to 18 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 1, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge